## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) CIVIL ACTION NO. |
| v. | )<br>) |
| CONMED CORP. | ) **COMPLAINT** |
| | ) **JURY TRIAL DEMAND** |
| Defendant. | )<br>) |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Charging Party Paul Hickman ("Hickman") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that ConMed Corp. ("ConMed") subjected Hickman to different terms and conditions of employment and terminated Hickman on because of his race (Black).

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern

Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all times relevant, Defendant ConMed has continuously been doing business in the Northern District of Illinois and has continuously had at least fifteen employees.

5. At all times relevant, Defendant ConMed has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Paul Hickman filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2006, ConMed has engaged in unlawful employment practices in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. Sections 2000e(k) and 2(a). Such unlawful employment practices include subjecting Hickman to different terms and conditions of employment and terminating Hickman because of his race.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Hickman of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race.

9. The unlawful employment practices complained of in paragraph 7 above were

intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Hickman because of his race.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and from engaging in any retaliation for opposing discrimination or for participating in any manner in any investigation, proceeding, or litigation under Title VII.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals regardless of their race, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Hickman by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement.

D. Order Defendant to make whole Hickman by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 7 through 10 above, in amounts to be determined at trial.

E. Order Defendant to make whole Hickman by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices of complained of in paragraphs

3

7 through 10 above, including emotional pain, inconvenience and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay to Hickman punitive damages for its malicious and reckless conduct described in paragraphs 7 through 10 above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest, and

H. Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James Lee
Acting General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory M. Gochanour

4

Supervisory Trial Attorney

*Laurie S. Elkin* (signature)

Laurie S. Elkin
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-7726

5